IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GUILLERMO GARCIA, § | |
|     Plaintiff, § | |
| V. § | A-08-CA-514-LY |
| § | |
| LVNV FUNDING LLC, et al. § | |
|     Defendants § | |
| § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
          UNITED STATES DISTRICT JUDGE

Before the Court are Defendants LVNV Funding L.L.C. and Linebarger, Goggan, Blair & Sampson L.L.P.'s Joint Motion for Summary Judgment, or, in the Alternative, Joint Motion for Partial Summary Judgment, filed on March 30, 2009 (Clerk's Doc. No. 35); Plaintiff's Motion for Partial Summary Judgment on Linebarger's Affirmative Defenses, filed March 31, 2009 (Clerk's Doc. No. 36); Plaintiff's Motion for Partial Summary Judgment on LVNV's Affirmative Defenses, filed March 31, 2009 (Clerk's Doc. No. 37); and the responses and replies to each of these motions.

On April 14, 2009, the District Judge referred the foregoing to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. After reviewing the parties' briefs, the relevant law, as well as the entire case file, the undersigned issues the following Report and Recommendation.

# I. BACKGROUND

This suit involves claims brought by Plaintiff Guillermo Garcia ("Garcia") under the Fair Debt Collection Practices Act, 15 U.S.C.A. §1692 (hereinafter "FDCPA"). Garcia alleges that Defendants LVNV Funding LLC ("LVNV"), Linebarger, Goggan, Blair & Sampson LLP ("Linebarger"), Lori Robertson, Nikki Rambo and Leslie Breeland violated the FDCPA when they delivered certain communications to Garcia in connection with the collection of a credit card debt.[1] Specifically, Garcia claims that Linebarger, at the request of LVNV, violated the FDCPA when it sent certain legal documents to Garcia through a process server in order to collect on a debt.[2]

Garcia claims that Defendants violated the FDCPA in six ways: (1) by sending communications which contradicted or overshadowed the validation notice as required by 15 U.S.C. § 1692g(a); (2) by communicating with a process server in connection with service of the citation and petition in violation of § 1692c(b);[3] (3) by sending a collection communication that violated § 1692e(2) in that it falsely represented the character, amount, or legal status of a debt, or the compensation which may be lawfully received by a debt collector for the collection of a debt; (4) by using false, misleading, or deceptive means to attempt to collect a debt in violation of § 1692e; (5) by using a business, company, or organization name other than the true name of the debt collector's

---

[1] According to Defendants' motion, only Defendants LVNV and Linebarger have been served thus far.

[2] The documents at issue are an original petition from a suit filed before a Justice of the Peace in Hidalgo County, and a Motion for Entry of Default Summary Judgment in that same case. *See* Exhibits A and B to Plaintiff's Original Petition.

[3] Throughout this Recommendation, where only a section number is cited, the reference is to Title 15 of the U.S.C.

business, company or organization, in violation of § 1692e(14); and (6) by using unfair or unconscionable means to collect or attempt to collect a debt, in violation of § 1692f.

Defendants have moved for summary judgment on all of Garcia's claims. First, Defendants argue that Garcia cannot show that he has been the object of collection activity arising from *consumer* debt, which must be shown for the FDCPA to apply. Second, Defendants argue that the FDCPA specifically exempts the communications in question from the validation notice as required by section 1692g. Third, Defendants argue that there is no basis for Plaintiff's cause of action, as evidenced by statements made in Plaintiff's deposition where Garcia specifically testified that he thought he was being sued in this action, and that nobody had done anything that would make him want to sue them. Fourth, Defendants argue that section 1692c(b)'s prohibition against communicating with third parties does not apply to process servers authorized by a court. Finally, Defendants argue that there is no evidence of certain elements of many of Plaintiff's claims, such that summary judgment should be granted on them.[4]

In the alternative to their motion for final summary judgment, Defendants have moved for partial summary judgment on damages, arguing that Plaintiff has sustained no actual damages as the result of any act or omission on the part of the Defendants.

Garcia has moved for partial summary judgment, arguing that there is insufficient admissible evidence to establish certain elements of many of Defendants' affirmative defenses.

---

[4] In regard to their no evidence argument, Defendants assert that (1) there is no evidence that Defendants used false, misleading, or deceptive means in collecting a debt; (2) there is no evidence that the process server read the petition; (3) there is no evidence that Defendants used unfair or unconscionable means in debt collecting; and (4) there is no evidence that Defendants made any false representations in connection with collecting the debt.

## II. ANALYSIS

**A.      Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56, a motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "An issue is material if its resolution could affect the outcome of the action." *Commerce and Indus. Ins. Co. v. Grinell Corp.*, 280 F.3d 566, 570 (5th Cir. 2002). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, courts must view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Furthermore, courts "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by showing that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific

facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

The standard of review "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the record before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 587). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by the Court. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**B.**     **FDCPA**

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA subjects a debt collector to civil liability for failure to comply with any of its provisions. *See id.* § 1692k. The FDCPA defines the term "debt collector" to mean "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *See id.* § 1692a(6).

5

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692e; *see also* § 1692e(1)-(16) (listing several activities that violate this section of the FDCPA). In addition to the prohibited activities listed in § 1692e, the FDCPA prohibits practices such as sharing certain information with third parties, § 1692c(b), using unfair or unconscionable means to collect a debt, § 1692f, or engaging in harassment or abuse when collecting a debt, § 1692d.

The FDCPA establishes a private enforcement system by providing for private causes of action. As noted above, Plaintiff alleges that Defendants violated sections 1692g, 1692c(b), 1692e,[5] and 1692f(1) of the FDCPA.

**C.  Defendants' Joint Motion for Summary Judgment**

In order to prevail on an FDCPA claim, the plaintiff must prove the following: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.[6] *Stewart v. Alonzo*, No. C-08-347, 2009 WL 174938, at * 2 (S.D. Tex. Jan. 26, 2009); *Matter of Mayer*, 199 B.R. 616, 619 (E.D. La. 1996); *Sibley v. Firstcollect, Inc.*, 913 F. Supp. 469, 471 (M.D. La. 1995).

---

[5]This section covers several activities that violate the prohibition against using false, deceptive, or misleading representations or means to collect a debt. 15 U.S.C. § 1692e(1)-(16) Plaintiff specifically alleges violations of 1692e(2), 1692e(10), and 1692e(14). *See* Pl. Complaint, at 11–12.

[6]The parties do not dispute that Defendants are debt collectors as defined in the FDCPA.

1. **Lack of Consumer Debt**

Defendants first argue that Garcia cannot establish that the debt in question arises out of a transaction in which the money was primarily for personal, family, or household purposes. Defendants assert that because Plaintiff cannot prove this essential element, Garcia is not entitled to relief under the FDCPA on any of his claims.

With regard to this element, the FDCPA provides the following definitions. A "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). "Debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *Id.* § 1692a(5). The FDCPA's legislative history explicitly provides that the act "has no application to the collection of commercial accounts." S. Rep. No. 95-382, at 3 (1977). Whether a debt is a consumer debt is determined by the use of loan proceeds by the borrower and not by the motive or intent of the lender. *Bloom v. IC Sys., Inc.*, 753 F. Supp. 314, 317 (D. Or. 1990).

Defendants basically argue that because Garcia denies that the underlying indebtedness is his own,[7] he cannot produce any evidence regarding whether the subject of the indebtedness was primarily for personal, family or household purposes. Thus, according to Defendants, there is a lack of evidence that Garcia has been the object of collection activity arising from consumer debt, such

---

[7]Garcia stated during his deposition that he had no credit cards, and that he last had a credit card "a long time ago." *See* Garcia Deposition, attached to Defendants' Motion for Summary Judgment, at 43. This apparently is Plaintiff's position (i.e. the debt is not his own), as his response does not challenge this assertion.

7

that Garcia's claims under the FDCPA must fail. Garcia responds by arguing that Defendants already admitted in their answer that the communication sent to Garcia was from a debt collector in an attempt to collect a consumer debt.

With respect to Garcia's response, the undersigned disagrees with his characterization of what Defendants purportedly admitted in their answer. The paragraphs Garcia references do not contain allegations that the communication sent to him was from a debt collector in an attempt to collect a *consumer debt*. Rather, the paragraphs at issue read as follows: "On or about October 15, 2007, at the instruction of Linebarger, process server Andres Rios delivered a communication from a debt collector to Garcia, namely plaintiff's original petition . . . . On March 17, 2008, Linebarger, Robertson, and Breeland, on behalf of LVNV, mailed a communication to Garcia in an attempt to collect a debt, namely, Plaintiff's Motion for Entry of Default Judgment . . . ." *See* Pl. Complaint, at ¶¶ 7 and 9. It was these allegations that Defendants admitted, which say nothing about the *type* of debt involved. In fact, there is a paragraph in the complaint alleging that Defendants were attempting to collect an alleged consumer debt, *see id.* ¶ 10, and both Defendants answered that they could neither admit or deny the allegations in paragraph 10. *See* LVNV's Answer (Clerk's Doc. No. 3), at ¶ 11; Linebarger's Answer (Clerk's Doc. No. 4), at ¶ 11. Thus, the undersigned does not believe Defendants admitted they were attempting to collect a consumer debt in their answers.

What is troubling about this issue is that Plaintiff surely could have sought discovery on what the credit card was used for—regardless of who actually used it—which could *perhaps* create a fact issue on whether that use was primarily for personal, family, or household purposes. Instead, Plaintiff relies entirely on his mistaken belief that Defendants admitted this fact in their answers. Defendants' reply states that the reason they could neither admit or deny that the underlying

8

indebtedness was incurred primarily for personal, family, or household purposes is that they did not know why the indebtedness was incurred. Defendants further show that Plaintiff does not know for what purpose the indebtedness was incurred, as he denies that the debt was his. Having reviewed the summary judgment record, the Court cannot locate anything that indicates whether the underlying debt was primarily for personal, family, or household purposes. Thus, the Court is faced with a scenario where the moving party has met their initial burden of demonstrating an absence of evidence on an essential element, and the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial.

As noted above, the FDCPA has no application to the collection of business or commercial debts. *See Holman v. West Valley Collection Services*, 60 F. Supp. 2d 935, 936 (D. Minn. 1999); *Bloom v. I.C. System, Inc.*, 972 F.2d 1067 (9th Cir.1992) (transactions that are not for personal, family, or household purposes are not debts under the FDCPA). Because the burden is on Garcia to prove that he has been the object of collection activity arising from *consumer* debt for the FDCPA to apply, *Stewart v. Alonzo*, 2009 WL 174938, at * 2, and because Garcia fails to make a showing sufficient to establish the existence of an element essential to his case, the undersigned believes that summary judgment should be granted on all of Garcia's claims.[8] *See Celotex Corp.*, 477 U.S. at 322 ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

---

[8]This makes it unnecessary to reach Defendants' other arguments for summary judgment, as well as Defendants' alternative motion for summary judgment on damages.

**D.      Plaintiff's Motions for Partial Summary Judgment**

Garcia moves for summary judgment on seventeen of Defendants' affirmative defenses by asserting that Defendants have no evidence sufficient to establish certain elements of these defenses. Given the undersigned's determination that Defendants' motion for summary judgment should be granted, Plaintiff's motions for partial summary judgment are moot.

### III. CONCLUSION

Based on the foregoing, the undersigned is of the opinion that Defendants' motion for summary judgment should be granted because Plaintiff has failed to offer any evidence that he has been the object of collection activity arising from consumer debt, as required by the FDCPA.

### IV. RECOMMENDATIONS

The undersigned Magistrate Judge **RECOMMENDS** that the District Judge **GRANT** Defendants LVNV Funding L.L.C. and Linebarger, Goggan, Blair & Sampson L.L.P.'s Joint Motion for Summary Judgment (Clerk's Doc. No. 35). The undersigned **FURTHER RECOMMENDS** that the District Judge **DENY AS MOOT** Plaintiff's Motion for Partial Summary Judgment on Linebarger's Affirmative Defenses (Clerk's Doc. No. 36) and Plaintiff's Motion for Partial Summary Judgment on LVNV's Affirmative Defenses (Clerk's Doc. No. 37). Finally, because the undersigned recommends that all of Plaintiff's claims be dismissed, in the event the District Judge accepts this recommendation, the undersigned **RECOMMENDS** that the District Judge **ENTER JUDGMENT** in this case that Plaintiff takes nothing.

### V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 18th day of September, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE